INTHE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY OWENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-275(MTT) |
| INVESTIGATOR COREY KINGS and JUDGE JOHN DANDA, | ) ) ) ) |
| Defendants. | ) ) ) |

### ORDER

Before the Court is the Plaintiff's motion to proceed *in forma pauperis*. (Doc. 4). Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in the Plaintiff's motion and accompanying affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "Such affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. Here, the Plaintiff reports income of $735 per month. Although he does not report any significant expenses, the Court is satisfied based on his monthly income that he is unable to pay the costs and fees associated with this lawsuit. Accordingly, his motion to proceed *in forma pauperis* is **GRANTED**.

Because the Plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). A complaint is frivolous if "it lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because the Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).  However, even a pro se plaintiff is not excused from compliance with the threshold requirements of the Federal Rules of Civil Procedure.  *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002).

Here, the Plaintiff alleges that Defendant King wrongfully obtained, and that Defendant Danda wrongfully issued, a "malice warrant" for his arrest.  After the warrant was issued, the Plaintiff was arrested during a traffic stop in Dekalb County.  The Plaintiff alleges he then spent two days in the Dekalb County jail and 30 days in the Washington County jail.  He seeks damages of $1 million for the Defendants' purported violation of his civil rights.  However, the Plaintiff has not alleged any facts to suggest the arrest warrant was wrongfully issued.  He simply concludes this, apparently because he has not been able to determine who accused him of committing the crimes for which he was arrested.[1]  The Court finds the Plaintiff's conclusion unsupported by law or fact.  He offers nothing to indicate King lacked probable cause to obtain the warrant.  Indeed, the Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.  Consequently, this case is **dismissed without prejudice**.

**SO ORDERED**, this 3rd day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It is unclear the exact charges for which the Plaintiff was arrested, but based on the Complaint they appear to be related to forgery and identity theft.